UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| BRUCE DILLARD, | ) | CASE NO. 1:13 CV 2212 |
| Plaintiff, | ) ) | |
| v. | ) ) | JUDGE SOLOMON OLIVER, JR. |
| MICHAEL PAVICIC, et al., | ) ) | |
| | ) | MEMORANDUM OF OPINION |
| Defendants. | ) | AND ORDER |

On October 7, 2013, plaintiff *pro se* Bruce Dillard, an inmate at the Federal Correctional Institution at Schuylkill, filed this 42 U.S.C. § 1983 action against the following defendants: Michael Pavicic, Robert Pace, Gerald T. McFaul, and Kyle A. Walton. According to the complaint, in 1999, plaintiff was illegally detained for 10 days in the Cuyahoga County Jail after he posted a bail bond on state criminal charges.

A district court is expressly required to dismiss any civil action filed by a prisoner seeking relief from a governmental officer or entity, as soon as possible after docketing, if the court concludes that the complaint fails to state a claim upon which relief may be granted, or if the plaintiff seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A; *Siller v. Dean*, No. 99-5323, 2000 WL 145167 , at *2 (6th Cir. Feb. 1, 2000).

Ohio's two year statute of limitations for bodily injury applies to section 1983 claims. *LRL Properties v. Portage Metro Housing Authority*, 55 F.3d 1097 (6th Cir.1995). Even

assuming plaintiff might otherwise have a valid cause of action, it is apparent on the face of the complaint that the statute of limitations expired well before this case was filed, as the alleged conduct complained of took place over 14 years ago. There would be no purpose in allowing this matter to go forward in view of the fact that it is clearly time-barred. *See Castillo v. Grogan*, 52 F. App'x 750, 751 (6th Cir.2002) (district court may *sua sponte* dismiss complaint as time-barred when the defect is obvious); *Alston v. Tennessee Dept. of Corrections*, 28 F. App'x 475, 476 (6th Cir. Jan.28, 2002)*(sua sponte* dismissal of the complaint appropriate where expiration of statute of limitations obvious on face of complaint); *Fraley v. Ohio Gallia County*, 1998 WL 789385 * 1 (6th Cir., Oct.30, 1998)(affirming *sua sponte* dismissal of pro se § 1983 action filed after two year statute of limitations for bringing such an action had expired); *Hunterson v. Disabato*, 244 Fed.Appx. 455, 457 (3d Cir. June 20, 2007)(a district court may *sua sponte* dismiss a claim as time-barred where it is apparent applicable limitations period has run); *Ali v. Morgan*, 2009 WL 872896 * 3 (E.D.Ky., Mar. 27, 2009)(if statute of limitations defense clearly appears on the face of a pleading, district court can raise issue *sua sponte*); *Balch v. City of Warren*, 2008 WL 687079 * 1 (N.D.Ohio, Mar. 10, 2008) (same).

Accordingly, this action is dismissed under section 1915A. Further, the court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

    /S/SOLOMON OLIVER, JR.
CHIEF JUDGE
UNITED STATES DISTRICT COURT

March 31, 2014